**James T. WASSELL and Joy A. Wassell, Plaintiffs–Appellants,**

v.

**COLORADO REAL ESTATE COMMISSION, Defendant–Appellee.**

**No. 86CA1615.**

Colorado Court of Appeals, Div. IV.

Nov. 25, 1988.

Rehearing Denied Jan. 19, 1989.

Certiorari Granted May 22, 1989.

Frank & Finger, P.C., William S. Finger, Evergreen, Colo., for plaintiffs-appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., James M. Humes, Asst. Atty. Gen., Denver, Colo., for defendant-appellee.

TURSI, Judge.

Plaintiffs, James and Joy Wassell, appeal the district court's denial of their application for recovery from the real estate recovery fund (the fund) as represented by defendant, Colorado Real Estate Commission (the commission). We affirm.

The plaintiffs purchased a residence with the aid of Robert Wunderley, a licensed real estate agent employed by Realty World–Evergreen Real Estate Co., Inc. (Realty World). Before the plaintiffs closed on the sale of the house, Wunderley learned that the well on the property was inadequate and that the basement of the home had flooding problems. He was also informed that a special road improvement district was to be created which would result in additional costs to the owners of the house.

Wunderley conveyed none of that information to the plaintiffs, and they proceeded with the purchase of the home. Later when the problems were discovered, the plaintiffs sued Realty World, Wunderley, the sellers, the listing broker, and the listing salesperson for misrepresentation, fraudulent concealment, non-disclosure, and negligence.

Before trial, the plaintiffs settled their claims against Wunderley, the sellers, and the listing broker under an agreement which provided that these parties would pay the plaintiffs up to $9,000 if they were unable to obtain and collect a judgment against Realty World or the fund. The claim against the listing salesperson was dismissed.

The plaintiffs proceeded to judgment against Realty World which did not appear to defend. Based on Wunderley's actions as agent of the corporation, the trial court entered a judgment against Realty World for fraudulent concealment, non-disclosure, and misrepresentation.

Because Realty World was insolvent, the plaintiffs made application for recovery from the fund. A different judge of the trial court heard the application which was submitted upon certain stipulated facts and the court record of the prior proceedings. The trial court held that the stipulation whereby Wunderley, the wrongdoer, was permitted to be completely exonerated, if collection from the fund were accomplished, was contrary to the spirit of the provisions of § 12–61–301, C.R.S. (1985 Repl. Vol. 5), and that the plaintiffs had, in effect, waived their claim against the fund and were estopped from collecting from it. Therefore, it denied plaintiffs' application for recovery against the fund.

In regard to plaintiffs' claim, the commission stipulated: 1) that a writ of execution had been issued and returned showing that Realty World, the judgment debtor, had no assets and the judgment had not been satisfied; 2) that proper notice had been given to the commission; 3) that the action and application had been timely filed; 4) that the judgment debtor was a licensed real estate broker; and 5) that there was no collusion between the plaintiffs and Realty World. However, the commission refused to stipulate that the judgment was based upon negligence, fraud, willful misrepresentation, deceit, or conversion of a trust fund arising out of the transaction, or that the plaintiffs had properly pursued all available legal remedies against all judgment debtors liable to them in the transaction.

Since this action was commenced on September 4, 1981, the plaintiffs had to comply with Colo. Sess. Laws 1981, ch. 164 § 12–61–303(2) at 863, in effect prior to July 1, 1985, before recovery from the fund could be obtained. The statute in pertinent part reads:

"The court ... may issue an order directing payment out of the real estate recovery fund ... if the judgment creditor shows and the court finds.... (d) That the judgment creditor has diligently pursued his remedies against all the judgment debtors and all other persons liable to him in the transaction for which he seeks recovery from the real estate recovery fund...."

Whether we apply the more stringent requirement contained in that statute, or the more lenient requirements as contained thereafter, *see Moeller v. Colorado Real Estate Commission*, 759 P.2d 697 (Colo. 1988), we agree with the trial court's finding that because of the stipulated settlement, the plaintiffs failed to meet their burden of showing that they either diligently or reasonably pursued their remedies against all the judgment debtors and all other persons liable to them in the transaction in which they seek recovery.

Plaintiffs failed to introduce any evidence concerning the financial resources of the parties to the stipulation. Instead, they submitted a contingent limited liability agreement. Therefore, we hold that the trial court did not commit reversible error in denying the plaintiffs' application.

JUDGMENT AFFIRMED.

METZGER and FISCHBACH, JJ., concur.